UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **JACOB BANKS**<br>104 S. High Street<br>Arcanum, OH 45304<br><br>    Plaintiffs,<br><br>vs.<br><br>**DISCOVER BANK**<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>AND<br><br>**WELTMAN, WEINBERG & REIS CO., LPA**<br>℅ Eileen M. Bitterman, Registered Agent<br>965 Keynote Circle<br>Brooklyn Heights, OH 44131<br><br>    Defendant(s) | CASE NO.   3:21-cv-148<br><br>JUDGE<br><br>MAGISTRATE<br><br>**COMPLAINT FOR DAMAGES**<br>**(Jury Demand Requested)** |

Plaintiff Jacob Banks ("Banks"), through Counsel, and for his Complaint for Damages against Defendant Discover Bank ("Discover") and Defendant Weltman, Weinberg & Reis Co., LPA ("Weltman") (collectively "Defendants") hereby states as follows:

### INTRODUCTION

1. This is an action for actual damages, statutory damages, and legal fees and expenses filed by Banks against Defendants Discover and Weltman for their improper actions and conduct which are not in compliance with and are in fact in violation of the Automatic Stay Provisions of the Bankruptcy Code applicable to Co-Debtors (11 U.S.C. 362, *et seq*.), the Fair

Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Ohio Consumer Sales Practices Act, ORC 1345.01, *et seq.* ("CSPA").

## PARTIES

2. Plaintiff Jacob Banks is a natural person residing in the Village of Arcanum, County of Darke, State of Ohio.

3. Defendant Discover Bank is a Corporation incorporated under the laws of the State of Delaware with its principal place of business at 502 E. Market Street, Greenwood, DE.

4. Defendant Weltman, Weinberg & Reis Co., LPA is a legal professional association headquartered in Cleveland, Ohio.  For all times relevant to this Complaint Weltman was acting as a debt collector on behalf of Discover.

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

6. This Court has supplemental jurisdiction over the state law claims asserted herein under 1367(a).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS
### Bankruptcy and Municipal Court Complaint

8. On November 30, 2019 Banks's spouse, Kaylee Banks, filed her voluntary petition for relief under Chapter 13 of Title 11 of the United States Code.  *See* Exhibit 1 - Bankruptcy Court Docket

9.As part of her Voluntary Petition Mrs. Banks listed an obligation to Discover on Line 4.20 of Schedule F of her Petition in the following manner:

a.Creditor Discover Financial, Last 4 of Account Number 9544, opened January 21, 2018, balance owed $3,370.00.

*Id.*, *see also* Exhibit 2 at p. 28

10.On March 4, 2020, Weltman on behalf of Discover initiated a Complaint for Money against Banks in Darke County Municipal Court captioned *Discover Bank % Discover Products Inc. v. Jacob Banks*, Darke County Municipal Court Case No. 20-CVF-001-0292. (the "Lawsuit") *see* Exhibit 3 - Darke County Docket and Pleadings.

11.When Banks received the Complaint, he was surprised as he was not aware he has a line of credit with Discover. Upon receiving the Exhibits to the Complaint, Banks discovered that the card was the same debt as the Card listed in Mrs. Banks's Chapter 13 Petition. *Id.* at p. 3

12.Banks eventually reached out to Mrs. Banks's Bankruptcy Counsel who filed a *Notice of Bankruptcy Case Filing and Notice of Co-Debtor Stay* with the Darke County Municipal Court Clerk on November 12, 2020. *Id.* at p. 2; *see also* Exhibit 4

13.On November 20, 2020 Weltman, on behalf of Discover, filed a Motion to Stay Proceedings with the Darke County Municipal Court Clerk. *See* Exhibit 3 at pp. 2, 6-9.

14.On November 23, 2020 the Darke County Municipal Court issued its *Entry Granting a Motion to Stay Proceedings*. *Id.* at pp. 2. 10

15.Despite the Court's Entry on the Motion to Stay Proceedings Weltman, through the same counsel as its prior pleadings and on behalf of Discover, filed a Motion for Default

Judgment against Banks on January 26, 2021 with the Darke County Municipal Court Clerk. *Id.* at pp. 2, 11.

16. On January 26, 2021 the Darke County Municipal Court issued its *Entry of Denial* of Weltman/Discover's Motion for Default Judgment based on the previous Entry Granting the Motion to Stay Proceedings. *Id.* at p. 2, 12.

17. Despite the Entry of Stay, Banks remains concerned, anxious, and worried that both Discover and/or Weltman will continue to take further steps to collect on the debt despite the imposition of the automatic stay for Banks as a co-Debtor in Mrs. Banks's case. As a result of the actions in the filing of the Motion for Default Judgment, Banks has had to seek treatment with his physician for increased anxiety including being prescribed anti-anxiety medication.

18. Banks has suffered actual economic damages and non-economic damages in a yet to be determined amount related to the actions described above, *supra*.

### COUNT ONE: AGAINST WELTMAN
### Violation of 15 U.S.C. §1692k
### [Violation of the Fair Debt Collection Practices Act]

19. The Plaintiff restates and alleges the allegations contained in Paragraphs 1 through 18 as if fully restated herein.

20. Based on the allegations in the Municipal Complaint, the allegations in this Complaint, and Exhibit 3 attached to this Complaint, Weltman is a debt collector as defined by the FDCPA.

21. Banks as a consumer as that term is defined by the FDCPA.

22. The Loan sought to be collected by Weltman, on behalf of Discover, is a consumer debt as that term is defined by the FDCPA as the Loan was incurred for household

purposes - namely an unsecured line of credit.

23. Based on the allegations above Discover received notice of Mrs. Banks's Chapter 13 Bankruptcy on December 6, 2019.

24. Despite receiving this Notice Discover referred the collection of this debt to Weltman. Weltman then filed the Municipal Court Complaint against Banks in violation of the automatic stay for co-Debtors, like Banks, on March 4, 2020. *See* Exhibit 3 at pp. 1-5.

25. Weltman received notice of the co-debtor stay for Banks when the *Notice of Bankruptcy Case Filing and Notice of Co-Debtor Stay* was filed with the Darke County Municipal Court Clerk on November 12, 2020. *Id.* at p. 2; *see also* Exhibit 4

26. Despite receiving this Notice and the subsequent Order Staying the Case on November 20, 2020, Weltman filed its Motion for Default Judgment against Banks on January 26, 2021. *Id.* at pp. 2, 11.

27. Weltman's actions described above after receiving the Notice of Bankruptcy Filing violate 15 U.S.C. 1692e as a false, deceptive, or misleading means to collect a debt and/or 15 U.S.C. 1692f as an unconscionable means to collect a debt.

28. Banks was damaged by the above actions as described herein *supra*.

29. Weltman has violated the FDCPA and is liable to Banks for an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692k(a).

## COUNT TWO: AGAINST WELTMAN
### Violation of the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*

30. The Plaintiff restates and alleges the allegations contained in Paragraphs 1 through 29 as if fully restated herein.

31. Banks is a "consumer" as that term, the Loan is a consumer transaction and Weltman is a supplier as that term is defined by the OCSPA, R.C. 1345.01.

32. Weltman's actions described in Count One which violate the FDCPA are unfair and deceptive acts which also violate the OCSPA.

33. Banks was damaged by the actions of Weltman as described herein, *supra*.

34. Weltman has violated the CSPA and Banks is entitled to statutory damages, non-economic damages not to exceed $5,000.00, and attorneys' fees and costs.

### COUNT THREE: AGAINST WELTMAN AND DISCOVER
### Violations of the Automatic Stay - 11 U.S.C. 362, *et seq*.

35. The Plaintiff restates and alleges the allegations contained in Paragraphs 1 through 34 as if fully restated herein.

36. As alleged above Discover knew of Mrs. Banks's Chapter 13 filing as of December 6, 2019.

37. As alleged above Weltman knew of Mrs. Banks's Chapter 13 filing when the *Notice of Bankruptcy Case Filing and Notice of Co-Debtor Stay* was filed with the Darke County Municipal Court Clerk on November 12, 2020. *Id.* at p. 2; *see also* Exhibit 4

38. Despite receiving the Notice of Filing from Mrs. Banks, the *Notice of Bankruptcy Case Filing and Notice of Co-Debtor Stay,* and the *Entry Staying Case*, Weltman, on behalf of Discover, filed a Motion for Default Judgment against Banks. *See* Exhibit 3 at pp. 2, 11.

39. Based on the allegations above, *supra*, the Defendants failed to stop their on-going collection activities and the Lawsuit was only stopped by unnecessary affirmative actions by the Court to ensure the automatic stay remained imposed.

40. Based on the actions above, *supra*, Banks remains concerned that the Defendants may take other actions to collect on the debt in violation of the co-debtor stay.

41. The actions of the Defendants to file the lawsuit is an act to collect the debt in violation of 11 U.S.C. § 362.

42. The actions of Defendants to fail to dismiss that lawsuit after receiving a cease and desist notice are a violation under 11 U.S.C. § 362.

43. The actions of Discover and Weltman, as agent of Discover, described above, *supra*, are each overt acts to ignore the automatic stay provisions and constitute separate and distinct affirmative acts each in violation of the automatic stay.

44. Banks alleges that the actions of Discover and Weltman substantially frustrated the stay order entered in this case and have caused Banks unwarranted and unnecessary time, effort and expense in seeking to enforce the rights guaranteed by the Bankruptcy Code. *See* Exhibits 2 through 4.

45. Weltman and Discover are knowledgeable creditors and in the case of Weltman, knowledgeable creditor's counsel. Both Defendants knew, or should have known, that the automatic stay was still in effect when (1) the Municipal Court was filed and (2) when the Notice of Co-Debtor Stay was filed.

46. Banks alleges that the underlying debt(s) owed to Discover is not a debt subject to the exceptions to the automatic stay under 11 U.S.C. 362(b).

47. Banks alleges that in order to carry out the provisions of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against

each Defendant, as applicable, pursuant to the provisions of 11 U.S.C. §105 and 11 U.S.C. 362(k).

## REQUEST FOR RELIEF

WHEREFORE Plaintiff Jacob Banks respectfully requests judgment against Defendant Discover Bank and Defendant Weltman, Weinberg & Reis Co. LPA of the following:

A. For an award of actual damages in an amount to be determined at trial against Discover and/or Weltman, as applicable, for the allegations contained in Counts One through Three of the Complaint;

B. For an award of statutory damages of One Thousand Dollars ($1,000.00) against Defendant Weltman for the allegations contained in Count One of the Complaint;

C. For an award of statutory damages of Two Hundred Dollars ($200.00) against Weltman for the allegations contained in Count Two;

D. For an award of non-economic damages of Five Thousand Dollars ($5,000.00) against Weltman for the allegations contained in Count Two;

E. For an award of punitive damages against Discover and/or Weltman, as applicable, as determined by the Court for the allegations contained in Count Three;

F. For an award of Banks's attorneys' fees and costs against Discover and/or Weltman, as applicable, for the allegations contained in Counts One, Two and/or Three; and

G. For such other relief as the Court deems just.

Respectfully Submitted,

/s/Brian D. Flick, Esq.
Marc E. Dann (0039425)
Brian D. Flick (0081605)
DannLaw

P.O. Box. 6031040
Cleveland, Ohio 44103
(216) 373-0539
(216) 373-0536 fax
notices@dannlaw.com

Eric A. Stamps (0071176)
Stamps & Stamps
3814 Little York Road
Dayton, OH 45414
(937) 898-9440
Fax (937) 890-4694
stampslaweric@hotmail.com

*Attorneys for Plaintiffs Jacob Banks*

# JURY DEMAND

Plaintiff Jacob Banks hereby respectfully demands a trial by jury on all such claims that may be so tried.

/s/Brian D. Flick, Esq,.
Marc E. Dann (0039425)
Brian D. Flick (0081605)
DannLaw
*Counsel for Plaintiff Jacob Banks*